FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL -6 PM 2: 53

CLERK _____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR107-033 |
| | ) | |
| JOHNNY HOLLIS | ) | |

## PRELIMINARY ORDER OF FORFEITURE

Before the Court is the United States' Motion for the issuance of a Preliminary Order of Forfeiture. After careful consideration, it is HEREBY ORDERED and ADJUDGED:

1. As the result of the guilty plea of Defendant Johnny Hollis to Count One of the Information, for which the government sought forfeiture pursuant to 18 U.S.C. §982(a)(1)(2) and (4), Defendant Hollis shall forfeit to the United States his interest in:

> any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of violations of 18 U.S.C.§§ 1341, 1343 and 1956; and the gross receipts, real or personal, tangible or intangible, which were obtained as a result of an offense committed for the purpose of executing or attempting to execute any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent statements, pretenses, representations or promises, in violation of 18 U.S.C. §§ 1341 and 1343.

2. The Court has determined, based upon this Court's June 1, 2006 Restraining Order, Defendant Hollis' Plea Agreement and Rule 11 proceeding, that the following property is subject to forfeiture as a result of Defendant Hollis's guilty plea as to the illegal acts alleged in Count One of the Information and that the government has established the requisite nexus between such property ("Subject Property") and the offenses to which Defendant Hollis has pled:

> (a) U.S. currency totaling $137,871.45 representing proceeds from the sale of real property, namely, the office of Security Consultants Financial Services, located at 3540 Wheeler Road, Augusta, Georgia, 30909, held by "M.S.," a nominee of **JOHNNY HOLLIS**;

(b). Real property, namely the residence of Johnny Hollis, known as 3988 Hammonds Ferry Court, Evans, Georgia 30809, by "M.S.," a nominee of **JOHNNY HOLLIS**; or

(c) any other property of said defendant up to the value of the above forfeitable property in substitution of any of the property described in paragraphs (a) and (b) above.

3. Upon the entry of this Order, the United States Marshal for the Southern District of Georgia shall seize the Subject Property.

4. Upon the entry of this Order, the United States Attorney for the Southern District of Georgia is authorized to conduct any discovery he deems necessary to identify, locate or dispose of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon the entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

7. Any person, other than Defendant Hollis, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or actual receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) incorporated by 18 U.S.C. § 982(b)(1).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the

petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), incorporated by 18 U.S.C. § 982, for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Restraining Order entered by the Court on June 1, 2006, shall remain in full force and effect until further order of the Court.

13. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Stephen K. Marsh, U.S. Attorney's Office, Post Office Box 8970, Savannah, Georgia 31412-8970 and the following counsel of record:

> James T. Jones, Jr., Esq.
> Post Office Box 1255
> Thomson, GA 30824-1150
>
> Brendan Neville Fleming, Esq.
> 440 Greene Street
> Augusta, GA 30901

SO ORDERED this 6th day of July 2007.

William T. Moore, Jr.,
Chief Judge, United States District Court
Southern District of Georgia

3